Sonya ROBERTS

v.

Jacob J. ALPRIN.

No. 81–125–Appeal.

Supreme Court of Rhode Island.

April 1, 1982.

Michael J. Kiselica, Providence, for plaintiff.

Dennis J. Roberts, II, Atty. Gen., Faith A. LaSalle, Sp. Asst. Atty. Gen., for defendant.

## OPINION

**PER CURIAM.**

This matter was before the court on March 5, 1982 on our order to the plaintiff to show cause why her appeal ought not be dismissed. The appeal had been taken from a summary judgment entered against her in the Superior Court. The suit arose out of her allegation that the defendant, an associate justice of the Family Court, caused her arrest without warrant or probable cause. She also claims that the arrest gave rise to a conversion of certain articles of personal property.

The events in question occurred when the defendant was presiding over a hearing in the Rhode Island Family Court. Conflicting accounts of what happened appear in the record. However, it is apparent that defendant was informed by a sheriff that plaintiff was taking notes. She was a spectator and had no interest in the hearing in progress either as a party or as a witness. She was called to the bench and advised that note taking was not permitted. She declined to stop taking notes. The judge ordered her from his courtroom. A struggle with the sheriffs may or may not have ensued and papers and personal articles in a briefcase may or may not have been confiscated.

The defendant submitted an affidavit in support of the motion for summary judgment. The plaintiff did not submit any affidavit of facts but rather a running narration of her recollection of the events. In any event it is clear that at the time of these occurrences defendant was an associate justice of the Family Court, presiding over a hearing in his courtroom, and that he was then acting in his judicial capacity taking action that he deemed appropriate to maintain decorum and order in his courtroom. The plaintiff's narration refers to defendant as "Judge Alprin" and all events related by her took place before the bench in defendant's courtroom. Based on an examination of defendant's affidavit, the narrative submitted by plaintiff, and all of the pleadings of the case, including answers to interrogatories, it is clear that plaintiff has failed to point to any genuine issue of material fact for trial.[1]

In *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), the United States Supreme Court held that:

"* * *

"(e) When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond,

---

1. Rule 56 of the Superior Court Rules of Civil Procedure provides in pertinent part:

   "(c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " (Footnote omitted.) *Id.* at 356–57, 98 S.Ct. at 1105, 55 L.Ed.2d at 339. (quoting *Bradley v. Fisher,* 13 Wall. 335, 351, 20 L.Ed. 646, 1872.)

The trial justice has the inherent power to regulate the admission of spectators to the courtroom and to restrict attendance at trial as conditions and circumstances may reasonably demand in order to preserve order and decorum in that courtroom, or to protect the right of the parties and the witnesses, or generally to further the administration of justice. *See State v. Santos,* R.I., 413 A.2d 58, 63–64 (1980); *State v. Mancini,* 108 R.I. 261, 271–72, 274 A.2d 742, 747 (1971).

The plaintiff has failed to show cause why her appeal should not be dismissed. It is apparent that the defendant was acting in his judicial capacity and was entitled to judicial immunity for the actions complained of.

The appeal of the plaintiff is denied and dismissed.

summary judgment, if appropriate, shall be

 entered against him."