**Kevin McBURNEY**

v.

**Jeremiah JEREMIAH.**

**No. 98–218–A.**

Supreme Court of Rhode Island.

March 26, 1999.

Kevin B. McBurney.

Joseph F. Penza, Jr., Warwick.

### ORDER

This case is before us on the plaintiff's appeal from the dismissal of his complaint pursuant to Super.R.Civ.P. 12(b)(2) (lack of jurisdiction), 12(b)(5) (insufficiency of process), and 12(b)(6) (failure to state a claim upon which relief can be granted) and Super.R.Civ.P. 41(b)(2) for failure to serve the defendant within a reasonable time. After consideration of the prebriefing materials this case was assigned to the full Court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing and argument.

The plaintiff, Kevin McBurney, brought suit against defendant, Chief Judge Jere-

miah S. Jeremiah of the Family Court, alleging that the defendant committed misconduct during the plaintiff's divorce proceedings. In his complaint the plaintiff made numerous allegations, including that the defendant: conspired with attorneys in the proceedings to secure attorneys' fees from plaintiff's accounts; improperly appointed by a guardian for plaintiff, thereby damaging the plaintiff's reputation and his interest in McBurney Law Services, Inc.; improperly credited plaintiff's wife for certain funds withdrawn from plaintiff's accounts; improperly advised a trial magistrate to rile against plaintiff in an abuse complaint filed by plaintiff against his wife; defrauded plaintiff by signing an altered stipulation; and continually harassed plaintiff in the divorce proceedings. The plaintiff served the complaint and summons by leaving a copy of each with the defendant's secretary at his office. The trial justice dismissed the plaintiff's actions on the grounds of both judicial immunity and insufficient service of process.

" 'Before reaching the merits of plaintiff's appeal, we are reminded that when reviewing a trial justice's order granting a Rule 12(b)(6) motion to dismiss, this [C]ourt examines the allegations contained in the plaintiff's complaint, assumes them to be true, and views them in the light most favorable to the plaintiff.' " *Folan v. State,* 723 A.2d 287, 289 (R.I.1999) (quoting *Ellis v. Rhode Island Public Transit Authority,* 586 A.2d 1055, 1057 (R.I.1991)). " 'The motion will then be granted only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim.' " *Id.*

Even looking at the allegations contained in the plaintiff's complaint in the light most favorable to the plaintiff, all of the defendant's alleged conduct is said to have occurred in the course of the defendant's exercise of his judicial duty as a justice of the Family Court. However displeased the plaintiff may be with the results of his divorce litigation, it is abundantly clear that at the time of the defendant's rulings and alleged actions, the defendant was acting as a Family Court justice and had clear subject matter jurisdiction over the matters then before him and about which the plaintiff, in what we discern to be a most frivolous complaint, now complains. The defendant, because of that subject matter jurisdiction, enjoys absolute immunity from any damage liability and cannot be deprived of that immunity even if his actions were in error, done maliciously, or in excess of his authority. The defendant, unless he acted in the clear absence of all jurisdiction over the subject matter before him, is absolutely immune from the damage liability sought by the plaintiff. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) Reh. den. 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795; *Pierson v. Ray,* 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1966); *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 351, 20 L.Ed. 646 (1872); *Randall v. Brigham,* 7 Wall. 523, 19 L.Ed. 285 (1869); *Bettencourt v. Board of Registration in Medicine,* 904 F.2d 772, 782 (1st Cir.1990); *Roberts v. Alprin,* 443 A.2d 433, 435 (R.I.1982) (per curiam).

The trial justice accordingly did not err in finding the defendant to be entitled to judicial immunity and in dismissing the plaintiff's action. The plaintiff's appeal, which we conclude to be frivolous, is accordingly denied and dismissed.